UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KAREN MOQUIN,                          )
                                       )
    Plaintiff,                        )
                                       )
        v.                             )   Case No. 3:16-cv-10876-KAR
                                       )
NANCY A. BERRYHILL,                    )
Acting Commissioner of Social          )
Security Administration,               )
                                       )
    Defendant.                        )


MEMORANDUM AND ORDER
(Dkt. Nos. 20, 21, & 32)
April 27, 2017

ROBERTSON, U.S.M.J.

    I.     Introduction

This matter is before the court on the request of Plaintiff Karen Moquin ("Plaintiff") for judicial review pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), of a March 17, 2015 decision of the Commissioner of Social Security ("Commissioner") denying her claims for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI"). Both Plaintiff and the Commissioner have filed motions seeking reversal of the Commissioner's decision with remand for a rehearing (Dkt. Nos. 20, 32). The parties disagree about whether the court's judgment should enter on Plaintiff's original complaint (Dkt. No.1), or a proposed amended complaint which Plaintiff seeks leave to file (Dkt. Nos. 21, 21-1). The parties have consented to this court's jurisdiction (Dkt. No. 12). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the court will deny

Plaintiff's motion for leave to amend her complaint and will allow both Plaintiff's and the Commissioner's motions for reversal and remand.

II. Procedural Background

Plaintiff applied for SSI and SSDI on September 30, 2013, alleging a January 1, 2009 onset of disability due to diabetes, depression, and anxiety (Administrative Record ("A.R.") at 10, 81, 94, 206-216). Plaintiff's applications were denied initially and on reconsideration (*id*. at 81-138). Plaintiff requested a hearing before an ALJ, and one was held on February 11, 2015, at which time Plaintiff claimed disability due to diabetes, right elbow pain due to right elbow epicondylitis, hand and shoulder pain due to polyarticular osteoarthritis, obesity, depressive disorder, adjustment disorder, and generalized anxiety disorder (*id*. at 13, 47, 60-61). Following the hearing, the ALJ issued a decision on March 17, 2015, finding that Plaintiff was not disabled and denying Plaintiff's claims (*id*. at 7-38). The Appeals Council denied review on March 18, 2016, and the ALJ's decision became the final decision of the Commissioner (*id*. at 1-7).

Plaintiff initiated this appeal by filing a complaint on May 13, 2016 (Dkt. No. 1). Though not part of the Administrative Record, the parties have represented that, while Plaintiff's appeal of the Commissioner's unfavorable decision was pending, she reapplied for and, on December 9, 2016, was granted SSI benefits retroactive to July 1, 2016 (Dkt. No. 21 at p. 1; Dkt. No. 25 at p. 2). On December 12, 2016, Plaintiff filed a motion to reverse the Commissioner's March 17, 2015 decision and remand for a rehearing (Dkt. No. 20). Thereafter, on January 10, 2017, presumably after she received notice of the Commissioner's subsequent favorable decision, Plaintiff filed a motion seeking leave to amend her complaint to specify that the judicial review she seeks is limited to the period from January 1, 2009, her alleged onset date, to July 1, 2016, the date on which the Commissioner found her to be disabled (Dkt. No. 21). The

Commissioner opposes Plaintiff's motion for leave to amend and has filed a motion for entry of judgment under sentence four of 42 U.S.C. § 405(g), likewise seeking reversal and remand to the Commissioner (Dkt. Nos. 25, 32). Plaintiff has not consented to the Commissioner's motion because of the Commissioner's opposition to Plaintiff's proceeding on the basis of the amended, rather than the original, complaint (Dkt. No. 25).

III.     Discussion

Plaintiff seeks leave to amend the "wherefore" clause of her complaint, which provides, "WHEREFORE Plaintiff seeks judicial review by this Court and the entry of judgment for such relief as may be proper, including costs and attorney's fees pursuant to the Equal Justice Act" (Dkt. No. 1 at p. 2). By her proposed amended complaint, Plaintiff seeks to insert the phrase "with regard only to the period from January 1, 2009 to July 1, 2016," following the word "proper" (Dkt. Nos. 21 at p. 1, 21-1 at p. 2). In moving for leave to amend, Plaintiff invokes Fed. R. Civ. P. 15(d), which provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id*. The Commissioner counters that Fed. R. Civ. P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's consent or the court's leave," is the applicable provision. *Id*. The parties' disagreement on this point is inconsequential. Under both subdivisions of Fed. R. Civ. P. 15, the decision whether or not to grant leave is subject to the court's discretion. *U.S. ex. rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 6 (1st Cir. 2015). While the text of Rule 15(d) contains no standard to guide the district court's exercise of discretion, 15(a) provides that leave should be "freely give[n] … when justice so requires," Fed. R. Civ. P. 15(a), and the First Circuit has approved of according the same liberal treatment to requests under Rule 15(d).

*Gadbois*, 809 F.3d at 7.  In both instances, the district court must weigh the totality of the circumstances and may ground denial of a motion to amend or supplement on factors such as futility, prejudice to the opposing party, or unreasonable delay.  *Id*.

Here, the Commissioner objects to Plaintiff's motion on futility grounds.  "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).  According to the Commissioner, Plaintiff's proposed amendment is futile because it seeks relief beyond that which the court has jurisdiction to grant.  The court agrees.  The court has jurisdiction in this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), which authorize judicial review of final decisions of the Commissioner of Social Security.  The final decision under review in this case is the March 17, 2015 decision.  Plaintiff's proposed amendment seeks review of the time period after March 17, 2015 through July 1, 2016, a period of time that is not the subject of the final decision under review, and, therefore, is not before this court.  Essentially, what Plaintiff seeks by her amendment is an order from this court precluding the Commissioner from reviewing the subsequent grant of benefits.  While Plaintiff's desire to avoid putting this favorable decision in jeopardy is understandable, the court is without authority to so restrain the Commissioner with respect to a final decision that is not before it.  *Encarnacion v. Astrue*, 724 F. Supp. 2d 243, 245 (D.P.R. 2010) (citing *Gay v. Astrue*, No. CA 07-403 M, 2008 WL 2004228, at *1 n.1 (D.R.I. May 8, 2008)) ("The court lacks jurisdiction over the subsequent award of benefits because no appeal from that claim has been taken to the district court"); *Davis v. Astrue*, No. 10-cv-404-PB, 2011 WL 5006936, at *2 (D.N.H. Oct. 20, 2011) (noting that the court was without authority to authorize or preclude the Commissioner from reopening a subsequent favorable application for

benefits that was not before it in connection with the court's reversal and remand of the unfavorable decision that was before the court). The decision whether to reopen the subsequent favorable decision is the Commissioner's, subject to the limitations provided by the regulations, 20 C.F.R. §§ 416.1487-416.1488. *Davis*, 2011 WL 5006936, at *2.

Plaintiff's reliance on *Jameson v. Astrue*, No. 09-cv-237-JD, 2010 WL 1568474 (D.N.H., Mar. 15, 2010), *adopted by* 2010 WL 1568482 (D.N.H. Apr. 14, 2010), is inapposite. In *Jameson*, the Commissioner had issued a partially favorable decision awarding the plaintiff disability insurance benefits, but effective as of a date more than two years later than the plaintiff's claimed onset date. *Id*. at *1. The plaintiff sought further review of the onset date and remand for further consideration limited to the disputed time period between the plaintiff's alleged onset date and the date that the Commissioner found the plaintiff to have been disabled in the decision under review. *Id*. Thus, the issue in *Jameson* bears a superficial resemblance to the issue in this case, but there is a crucial difference. In *Jameson*, the time period for which the plaintiff sought to limit review on remand was included in the final decision under the court's review. In this case, by contrast, Plaintiff seeks to limit review to a period that exceeds that covered by the Commissioner's decision.

IV. <u>Conclusion</u>

Because Plaintiff's proposed amendment is futile, Plaintiff's motion for leave to amend (Dkt. No. 21) is DENIED. Both Plaintiff's and the Commissioner's motions for reversal (Dkt. Nos. 20 and 32) are GRANTED, and the matter is remanded to the Commissioner.

It is so ordered.

/s/ Katherine A. Robertson<br>
KATHERINE A. ROBERTSON<br>
United States Magistrate Judge